**Shirley A. ADKISON, Petitioner,**

v.

**DEPARTMENT OF THE**
**NAVY, Respondent.**

No. 01–3049.

United States Court of Appeals,
Federal Circuit.

April 30, 2001.

Before NEWMAN, LOURIE, and SCHALL, Circuit Judge.

NEWMAN, Circuit Judge.

Shirley A. Adkison seeks review of the decision of the Merit Systems Protection Board, affirming the removal from her position with the Department of the Navy.[1] The agency had revoked Ms. Adkison's security clearance, and then separated her from her position, which required security clearance.

The Board held that it did not have authority to review the merits of the revocation of Ms. Adkison's clearance, that her position required a security clearance, and that the Department of the Navy had afforded her the due process required by *Department of the Navy v. Egan,* 484 U.S. 518, 530–31, 108 S.Ct. 818, 98 L.Ed.2d 918 (1988) (employee is entitled to the proce-

dural protections specified in 5 U.S.C. § 7313). The administrative judge's decision was dated April 21, 2000. Ms. Adkison duly appealed to the full Board, continuing to challenge the propriety of her removal. In a pro forma decision dated September 29, 2000 the Board denied her appeal without discussion.

The administrative judge had declined to stay the MSPB action pending Ms. Adkison's pursuit of the agency's internal appeal procedures as to her clearance revocation. However, Ms. Adkison prevailed on her appeal to the agency. By letter dated April 26, 2000 the Chief of Naval Operations informed Ms. Adkison that the Personnel Security Appeals Board had reached a decision in her favor, and "will direct the Department of the Navy Central Adjudication Facility to conditionally restore your clearance and eligibility for assignment to a sensitive position based on your continuing effort to meet your financial obligations."

The record does not shed light on what happened next. Ms. Adkison's brief to the Federal Circuit, filed on December 18, 2000, suggests that the agency did not implement the decision in her favor, and that neither the agency nor Ms. Adkison advised the MSPB of this significant decision. Instead, on this appeal Ms. Adkison continues to contest the Board's decision predicated on removal of her security clearance. The agency, in its responding brief, is totally silent on the restoration of her clearance, although Ms. Adkison's briefs and argument state that the agency decided her internal appeal in her favor. The agency's brief simply and tersely states that Ms. Adkison received the due process required by *Egan,* in the initial decision to remove her clearance. The

---

1. *Adkison v. Dep't of the Navy, Atkinson v. United States Postal Serv.,* 87 M.S.P.R. 526 (2000).

agency offers no comment on the undisputed showing that her security clearance was restored.

Loss of security clearance was the only ground on which the Board affirmed the agency's termination of Ms. Adkison. However, the agency reversed its decision to revoke Ms. Adkison's clearance. Ms. Adkison complains that the agency has not complied with the results of its decision. The agency is silent. The matter requires the further attention of the Board. To this end we *vacate* the Board's decision and *remand* for appropriate further proceedings.

Costs to petitioner.